IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| FLORENCE KROMA | § | |
| | § | |
| v. | § | Civil No. 4:18-cv-823 |
| | § | Criminal No. 4:14-cr-165(01) |
| UNITED STATES OF AMERICA | § | |

**GOVERNMENT'S RESPONSE TO SECTION 2255 MOTION**

Florence Kroma has filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, by making numerous claims of ineffective assistance of counsel. These claims are without merit.

**Proceedings**

On June 11, 2016, the grand jury returned a nine-count first superseding indictment that charged Kroma, in all nine counts, with health care fraud, in violation of 18 U.S.C. § 1347.[1]  Criminal ECF Doc. 24.  Kroma proceeded to trial, and on December 1, 2015, she was found guilty of all nine counts.  Criminal ECF Doc. 56.

The Court entered a final judgment for Kroma of 97 months' imprisonment on August 8, 2016.  Criminal ECF Doc. 68.  Kroma filed a direct appeal, and on April 25, 2018, the United States Court of Appeals for the Fifth Circuit affirmed the judgment of the Court regarding her sentence but vacated the judgment regarding the amount of

---

[1] Documents in criminal case No. 4:14-cr-165(01) are referred to by "Criminal ECF" and document number.  Documents in civil case No. 4:18-cv-823 are referred to by "2255 ECF" and document number.

restitution.  *United States v. Kroma*, 717 F. App'x 490, 491 (5th Cir. 2018).  The Fifth Circuit stated the following regarding their decision on restitution:

> With respect to the restitution award, Kroma is correct, and the Government concedes, that the district court erred by awarding restitution for losses outside the specific temporal scope of the fraudulent scheme charged in the indictment, and that the error was clear or obvious and affected Kroma's substantial rights.

*Id*.

On June 22, 2018, the Court issued an amended judgment that lowered the amount of restitution in accordance with the ruling of the Fifth Circuit.  Criminal ECF Doc. 105.  Kroma filed the pending motion on December 10, 2018.  Criminal ECF Doc. 143; 2255 ECF Doc. 1.

## Section 2255 Legal Standards

Under 28 U.S.C. § 2255, a prisoner may move the convicting court to vacate, set aside, or correct his conviction or sentence.  It provides four grounds: "(1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is 'otherwise subject to collateral attack.'"  *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996) (citation omitted).

"It has, of course, long been settled law that an error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment."  *United States v. Addonizio*, 442 U.S. 178, 184 (1979).  "Section 2255 does not offer recourse to all who suffer trial errors."  *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. Unit A 1981).  It may also "not do service for an appeal."  *United States v. Frady*, 456 U.S. 152,

**Response to Section 2255 Motion-Page 2**

165 (1982). After conviction and the exhaustion or waiver of all appeals, the Court is "entitled to presume" that the prisoner "stands fairly and finally convicted." *Id.* at 164.

## Discussion

Kroma claims that her attorney was ineffective during pretrial proceedings, at trial, sentencing, and on direct appeal.

To obtain reversal of a conviction based on ineffective assistance of counsel, a convicted defendant must show that the attorney's performance was deficient and that the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The proper standard for judging the performance of an attorney is that of reasonably effective assistance considering all of the circumstances. *Id.* at 688. "When a convicted defendant complains of ineffective of assistance of counsel, the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. Judicial scrutiny of counsel's assistance must be "highly deferential," and "a fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight." *Id.* at 689. A court must employ a strong presumption that counsel's conduct falls within a wide range of reasonably professional assistance. *Id.* at 690. The proper standard for the showing of prejudice requires the defendant to show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Conclusory statements by a defendant are not enough to sustain a claim of ineffective counsel. *Sayre v. Anderson*, 238 F.3d 631, 635-36 (5th Cir. 2001). The

**Response to Section 2255 Motion-Page 3**

defendant's allegations of ineffective counsel must be supported by the record. *United States v. Johnson*, 679 F.2d 54, 58-59 (5th Cir. 1982). Counsel is not ineffective for failing to press a frivolous point. *E.g., Sones v. Hargett*, 61 F.3d 410, 420-21 (5th Cir. 1995).

### A. Kroma's claims that her attorney was ineffective during pretrial is without merit.

Kroma claims that her attorney (1) failed to inform her of the likely consequences of entering a plea of guilty; (2) failed to file any substantive pretrial motions; (3) failed to conduct an adequate pretrial investigation; (4) failed to negotiate an favorable plea deal; (5) failed to request a private investigator; (6) failed to obtain a handwriting expert; and (7) failed to submit the government's case to any adversarial testing.

#### 1. Kroma's claim that her counsel failed to inform of the consequences of entering a plea is without merit.

Kroma claims that her attorney failed to inform of the "[r]elevant circumstances ad likely consequences of pleading guilty." 2255 ECF Doc 1 (memo at 27).

To establish prejudice where counsel's deficient performance causes a plea offer to lapse or be rejected, habeas petitioner must demonstrate a reasonable probability that: (1) he would have accepted the plea offer had he been afforded effective assistance of counsel; (2) the plea would have been entered without the prosecution canceling the offer or the trial court's refusing to accept it; and (3) the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time. *King v. Davis*, 898 F.3d 600, 605-6 (5th Cir. 2018).

Kroma does not point to any evidence to show that her attorney did not communicate any plea offers. Nor does she show that she would have accepted the plea, or that the criminal process would have ended in a favorable result for her. On the other hand, Kroma states that her attorney told her that the government had offered her a plea agreement with a sentence of 33-months' imprisonment. 2255 ECF Doc. 1 (memo at 29).

### 2. Kroma's claim that her attorney failed to file any substantive pretrial motions is without merit.

Kroma claims that her attorney should have filed a motion to suppress evidence because her counsel should have recognized that the evidence against her was the result of an illegal search by the FBI. 2255 ECF Doc. 1 (memo at 19-20).

A defendant cannot make a case for ineffective assistance of counsel by making conclusory allegations that counsel failed to file motions, make objections, or to follow the defendant's instructions. *United States v. Demik*, 489 F.3d 644, 647 (5th Cir. 2007). The defendant must allege what actions his counsel should have taken and how they would have affected the outcome of the case. *Id.* As shown above, the defendant's allegations of ineffective counsel must be supported by the record. *Johnson*, 679 F.2d at 58-59.

Kroma does not point to any evidence to show that the FBI search of her office was illegal or how a motion to suppress would have affected the outcome of the trial.

### 3. Kroma's claim that her attorney failed to conduct an adequate pretrial investigation or call key witnesses is without merit.

Kroma claims that her attorney failed to adequately research the case law, investigate the facts of the case, or interview the witnesses listed by Kroma. 2255 ECF

Doc. 1 (memo at 22). Specifically, Kroma claims that the one witness, her attorney was able to contact was key to her defense, was not called. *Id.* (memo at 22).

Complaints of uncalled witnesses are disfavored in federal habeas corpus review because allegations of what the witness would have testified to is speculative. *Evans v. Cockrell*, 285 F.3d 370, 377 (5th Cir. 2002). To show the requisite *Strickland* prejudice, a defendant would have to show that not only that the testimony of the prospective witness be favorable but that the witness would have testified. *Id.* (*Citing Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985)). A defendant's claim that his trial counsel failed to investigate his case or interview government witnesses cannot be upheld where the allegation is too speculative to overcome the strong presumption of competency and high burden of actual prejudice required to prove ineffective assistance of counsel. *Carter v. Johnson*, 131 F.3d 452, 464 (5th Cir. 1997).

A defendant who alleges a failure to investigate his case on the part of his trial counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial. *Gregory v. Taylor*, 601 F.3d 347, 354 (5th Cir. 2010).

Kroma does not name the witness her counsel should have called, show that this witness was willing to testify, or state what this witness would have testified. Nor does she point to any evidence that would have been discovered by her attorney by conducting further investigation.

> **4. Kroma's claim that her attorney failed to negotiate a favorable plea deal is without merit.**

Kroma claims that her attorney informed her of an offer from the government of a plea deal of 33-months' imprisonment. 2255 ECF Doc. 1 (memo at 29). However, based on his advice that she had a strong case for acquittal, she decided to reject the plea offer and proceed to trial. *Id*.

To meet the prejudice prong of the *Strickland* test, relating to a defendant's decision not to accept a plea offer and instead proceed to trial, the defendant must show that (1) but for the erroneous advice of his attorney there is a reasonable probability that the defendant would have accepted the plea offer; (2) the prosecution would not have withdrawn it in the light of intervening circumstances; (3) the court would have accepted the terms; (4) and that the conviction or sentence or both, under the terms of the offer's terms would have been less severe than under the judgment and sentence that were, in fact, imposed. *Lafler v. Cooper*, ___U.S.___, 132 S.Ct. 1376, 1384 (2012); *United States v. Rivas-Lopez,* 678 F.3d 353, 357 (5th Cir. 2012). Any amount of additional jail time is significant for the purpose of showing prejudice to the defendant. *United States v. Grammas,* 376 F.3d 433, 439 (5th Cir. 2004).

Kroma does not point any evidence that she can meet the above requirements in *Lafler*. Moreover, Kroma's own admission shows that her attorney had negotiated very favorable plea deal that contained an agreement for a sentence of 33-months' imprisonment.

> **5. Kroma's claim that her counsel failed to hire a private investigator is without merit.**

A defendant is not entitled to federal habeas corpus relief on a claim that counsel was ineffective for failure to hire private investigator, absent the defendant's identification of what information would have been evidence would have been revealed had counsel hired the private investigator. *Villanueva v. Stephens*, 555 F. App'x 300, 305 (5th Cir. 2014).

Kroma does not point to any evidence that would have been discovered had her attorney hired a private investigator.

### 6. Kroma's claim that her attorney failed to obtain a handwriting expert is without merit.

Kroma claims that her attorney never consulted a handwriting expert as part of his pretrial investigation.

A federal habeas court requires petitioners making claims of ineffective assistance based on counsel's failure to call either a lay or *expert* witness to demonstrate prejudice by naming the witness, demonstrating that the witness was available to testify and would have done so, setting out the content of the witness's proposed testimony, and showing that the testimony would have been favorable to a particular defense. *Woodward v. Cain*, 609 F.3d 774, 808 (5th Cir. 2010) (emphasis added).

Kroma does not point to any of the above elements to show she suffered any prejudice form her attorney's alleged failure employ a handwriting expert as a witness.

### 7. Kroma's claim the her counsel failed to put the government's case to any adversarial testing is without merit.

In order for a defendant to show prejudice from a claim that counsel did not subject the government's case to any adversarial testing, counsel must have completely

failed to challenge prosecution's case, not just individual elements of it. *Haynes v. Cain*, 298 F.3d 375, 381 (5th Cir. 2002).

Here, the record shows that Kroma's attorney cross-examined every government witness, and called two witnesses in Kroma's defense. Criminal ECF Doc. 90 at 1-2. Therefore, the government's case was challenged, and this claim is without merit.

**B.  Kroma's claims that her attorney was ineffective at trial are without merit.**

Kroma claims that her attorney (1) failed to communicate his trial strategy to Kroma; (2) call defense witnesses on her behalf; and (3) properly cross-examine government witnesses.

> **1.  Kroma's claim that her attorney failed to communicate his trial strategy is without merit.**

Kroma claims that her trial counsel never provided her with a clear strategy to attack the government's case. 2255 ECF Doc. 1 (memo at 33). According to Kroma her attorney did not follow on clear avenues provided by Kroma to attack the government's case.

Brevity of consultation time between the defendant and his counsel, alone, cannot support a claim of ineffective assistance of counsel. *Murray v. Maggio*, 736 F.2d 279, 283-84 (5th Cir. 1984).

Kroma does not point to any evidence to show she suffered any prejudice from her attorney's alleged failure to inform her of his trial strategy, and this claim is without merit.

> **2.  Kroma's claim that her attorney failed to call witnesses on her behalf is without merit.**

Kroma claims she gave her attorney a list of 18 witnesses that he should call on her behalf, but he did not contact them.  2255 ECF Doc. 1 (memo at 33).

A lawyer's failure to investigate everyone whose name happens to be mentioned by defendant does not suggest ineffective assistance, and failure to call character witnesses does not mandate finding of ineffective assistance of counsel.  *United States v. Cockrell*, 720 F.3d 1423, 1428-29 (5th Cir. 1983).

Kroma does not list the names of any of these witnesses, show that they were willing to testify, or give show any evidence of what their testimony would have been.  If fact, Kroma admits that, when she contacted these witnesses, they were unwilling to talk to her.  2255 ECF Doc. 1 (memo at 33).

### 3. Kroma's claim that her attorney failed to properly cross-examine government witnesses is without merit.

Speculating about the effect of tinkering with the cross-examination questions is exactly the sort of hindsight that *Strickland* warns against.  *Strickland*, 466 U.S. at 689. To prove his attorney's cross-examination was ineffective, a defendant must show "how a different cross-examination would have created a reasonable probability of a different outcome." *Castillo v. Stephens*, 640 F. App'x. 283, 292 (5th Cir. 2016).

Kroma does not point to any evidence to show how her attorney could have improved the cross-examination of government witnesses or what information further cross-examination would have elicited.

### C.  Kroma's claims that her counsel was ineffective at sentencing are without merit.

Kroma claims that her attorney failed to properly explain the presentence report or file objections to the presentence report.

### 1. Kroma's claim that her attorney failed to explain the presentence report is without merit.

Kroma's attorney states at sentencing that he had fully explained the presentence report to Kroma.  Criminal ECF Doc. 89 at 2.  Thereafter, Kroma stated that she "fully" understood the presentence report.  *Id*.  This claim is without merit.

### 2. Kroma's claim that her attorney failed to make objections to the presentence report is without merit.

Kroma claims that her counsel failed to object to the loss amount calculated in the Presentence report and the amount of restitution ordered by the Court based on that calculated.  2255 ECF Doc 1 (memo at 37).  Additionally, Kroma claims that her attorney failed to make the argument that the reduction in loss amount would have subtracted two-points from her offense level and resulted in her release on time served.  2255 ECF Doc, 1 (memo at 38).

As shown above, the proper standard for the showing of prejudice requires the defendant to show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

Kroma cannot show prejudice because the Fifth Circuit ruled that the Court's initial ruling on restitution was in error and ordered a resentencing.  *See Kroma*, 717 F. App'x at 491.  Additionally, she does not point to what section of the sentencing guidelines to which her attorney should have made an objection that would have resulted

in her release for time served. As a result, this claim is without merit.

### D. Kroma's claims that appellate counsel was ineffective are without merit.

Kroma claims that her appellate counsel (1) failed to communicate with her during appeal process; (2) failed to permit Kroma to participate in her appeal; and (3) failed to raise the strongest issues on appeal. 2255 ECF Doc 1 (memo at 39).

A claim of ineffective assistance of appellate counsel is reviewed under the same standard that applies to a claim of ineffective assistance of counsel at trial. *Williams v. Collins*, 16 F.3d 626, 634 (5th Cir. 1994). An appellate counsel is not ineffective for failing to raise meritless issues on direct appeal. *Id.* Counsel is not deficient for failing to raise every non-frivolous issue on direct appeal. *United States v. Phillips*, 210 F.3d 345, 348 (5th Cir 2000). The reasonableness standard is applicable to a counsel's informed decision after researching the facts and law that certain avenues will not prove fruitful on direct appeal. *Id.* In a claim of ineffective assistance of appellate counsel, the defendant must point to specific issues that counsel failed to raise on direct appeal and show that he would be likely to prevail on those issues. *Ellis v. Lynaugh*, 873 F.2d 830, 840 (5th Cir. 1989).

Kroma does not point to any evidence to show she sent her attorney any list of issues that she claims should have been brought on direct appeal. Nor can she show prejudice because the Fifth Circuit upheld her sentence with the exception of finding an error in the amount of restitution. *Kroma*, 717 F. App'x at 491. Finally, as shown above, her appellate attorney is not required to bring every non-frivolous issue on direct appeal. *Phillips*, 210 F.3d at 348. This claim is without merit.

## Conclusion

Kroma's claims of ineffective assistance of counsel are without merit, and the government respectfully urges the Court to deny this motion.

        Respectfully submitted,

        Joseph D. Brown
        United States Attorney
        Eastern District of Texas

        /s/ *Camelia Elisa Lopez*
        Camelia Elisa Lopez
        Assistant United States Attorney
        101 E. Park Blvd., Suite 500
        Plano, Texas 75074
        Telephone: (972) 509-1201
        Fax: (972) 509-1209
        camelia.lopez@usdoj.gov

## Certificate of Service

On the 26th day of April 2019, I certify that a true and correct copy of the government's response to the motion was mailed from Plano, Texas to: Florence B. Kroma, pro se, #22733-078, Federal Medical Center, Carswell, P.O. Box 27137, Fort Worth, TX 76127

        /s/ *Camelia Elisa Lopez*
        Camelia Elisa Lopez
        Assistant United States Attorney