

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| FLORENCE KROMA | § | |
| | § | |
| v. | § | Civil No. 4:18-cv-823 |
| | § | Crim No. 4:14-cr-165(01) |
| UNITED STATES OF AMERICA | § | |

### REPLY TO GOVERNMENT'S RESPONSE TO SECTION 2255 MOTION

COMES Movant, FLORENCE KROMA ("Kroma"), appearing *pro se*, and replies to Government's Response to Section 2255 Motion ("GR") [CvDoc. 5][1] as follows:

### PRELIMINARY STATEMENT

As a preliminary matter, Kroma respectfully requests that this Court be mindful that *pro se* pleadings are to be construed liberally. See *United States v. Kayode*, 777 F.3d 719 (5th Cir. 2014) (*Pro se* pleadings are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (same); and *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (same).

Kroma also adopts by reference and in whole her previously filed Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody and Memorandum of Law in Support ("§ 2255 Motion"). See CvDoc. 1.

### REPLY TO GOVERNMENT'S RESPONSE

The GR is divided into four (4) main sections and also has several subsections. Kroma will reply sequentially to each section of the GR as follows:

---

[1] "CvDoc." refers to the Docket Report in the United States District Court for the Eastern District of Texas, Sherman Division in Civil No. 4:18-cv-823, which is immediately followed by the Docket Entry Number and Page Number where appropriate.

## I. Proceedings

This section of the GR gives a fair and accurate summary of the procedural background in this case. See CvDoc. 5 at pp. 1-2. Kroma does not object or take exception to this section.

## II. Section 2255 Legal Standards

This section of the GR gives the four grounds for which a § 2255 motion may be filed. *Id.* at p. 2-3. Kroma does not object or take exception to this section.

## III. Discussion

The first part of this section gives the requisite *Strickland v. Washington* standard for determining claims of ineffective assistance of counsel. See CvDoc. 5 at pp. 3-4.

This section of the GR also contains four (4) subsections and several subparts. Kroma will reply to each subsection and their subparts as follows:

### A. Kroma's Claims That Her Attorney Was Ineffective During Pretrial Is Without Merit.

This subsection has seven (7) subparts wherein Kroma claims that her attorney: (1) failed to inform her of the likely consequences of entering a plea of guilty; (2) failed to file any substantive pretrial motions; (3) failed to conduct an adequate pretrial investigation; (4) failed to negotiate an favorable plea deal; (5) failed to request a private investigator; (6) failed to obtain a handwriting expert; and (7) failed to submit the government's case to any adversarial testing. She replies to the GR as follows:

#### 1. Kroma's claim that her counsel failed to inform of the consequences of entering a plea is without merit.

Contrary to the government above claim Kroma's lack of communication failed to inform her of the relevant circumstances and likely consequences of proceeding to trial as opposed to

2

pleading guilty. In this case, there was a lack of communication between Kenneth Weatherspoon ("Weatherspoon"), Kroma's appointed counsel from pretrial to sentencing, and Kroma. There was not any reasonable communication from the beginning of her case so that she could effectively participate in her defense. Weatherspoon would not return Kroma's phone calls or text messages. All he did, was advise and encourage her to proceed to trial due to the overwhelming defense to win the case. Secondly, he advised Kroma that the U.S. Attorney Camelia Elisa Lopez's ("Lopez") husband, was a friend of his and he could fix things for her and that she should not worry about her trial.

Weatherspoon only visited Kroma 2 or 3 times to: (1) view Kroma's discovery of the video of FBI entering her office unauthorized at 10 p.m. and 2:30 a.m.; (2) text messages from Kroma's employee Dawson; and (3) recorded voice conversations between Kroma and Millicent (Kroma's sister), and documents she was instructed to change (by agent Freese, the list of patients the FBI requested from Mt. Zion that was given by Dawson to Freese. Because Kroma wholly relied on counsel's advice, Kroma acquiesced to same. Weatherspoon failed to consult and explain any general trial strategy and prospects of success and the likely result in the sentence she would receive. The guiding principle is that a lawyer should fulfill reasonable client expectations for information consistent with the duty to act in the client's best interest. Weatherspoon failed to do so.

Accordingly, Weatherspoon's failure to communicate with Kroma left her in a void as to the relevant circumstances and likely consequences of proceeding to trial or pleading guilty. This was deficient performance to the max. His deficiency prejudiced Kroma because all she could do is believe her attorney and proceed to trial. Had she been fully informed, there is a reasonable probability that she would have pleaded guilty and received at a less harsh sentence.

2. <u>Kroma's claim that her attorney failed to file any substantive pretrial motions is without merit.</u>

In making the above claim, the government contends that "[Kroma] must allege what actions his counsel should have taken and how they would have affected the outcome of the case. *Id.* As shown above, the defendant's allegations of ineffective counsel must be supported by the record." See CvDoc. 5 at p. 5. Contrary to the government contention, Kroma has alleged what actions her counsel failed to take and how they affected the outcome of the case. The record in this instance speaks for itself. Even a cursory review of the Docket Report in this case reveals that Weatherspoon failed to file any substantive pretrial motions. The U. S. District Court Docket Report reflects that there was no Motion to Suppress filed by Weatherspoon prior to Kroma's trial. Moreover, Weatherspoon missed out on a golden opportunity to assess and evaluate the strength of the government's case and the evidence that they had against Kroma.

In this case, the physical evidence presented in Court were fabricated and the government's witnesses' credibility were questionable. Weatherspoon's failure to request suppression of evidence (as detailed in her Memorandum of Law in Support of her § 2255 Motion), prejudiced Kroma.

A motion to suppress should have been filed to challenge the FBI search of her office. Had the evidence seized from her office been suppressed, the government's case would have significantly impaired and there is a reasonable probability that she would have prevailed at trial. Because Dawson had worked out a deal with the FBI, this circumstance fairly falls under the umbrella of the "Fruit of the Poisonous Tree Doctrine". FBI Agent Freese was poison and everything he touched pertaining to this case was also poisoned by proximity. Therefore, all evidences obtained by the FBI should have been suppressed as they are questionable and not admissible. Weatherspoon failed to

4

put the government's case to any kind of adversarial test. Had he done so, there is a reasonable probability that Kroma would have been found not guilty at trial or benefitted with a significantly less harsh sentence

        3.      <u>Kroma's claim that her attorney failed to conduct an adequate pretrial investigation or call key witnesses is without merit.</u>

This ground is adequately briefed in Kroma's Memorandum of Law in Support of her §2255 Motion. See CvDoc. 1 at pp. 21-26. No further briefing is necessary. However, the only investigation that her attorney conducted in this case was to review the government's case file. He did not conduct any kind of an independent pretrial investigation to prepare for trial. He certainly did not put the government's case to any kind of adversarial test.

        4.      <u>Kroma's claim that her attorney failed to negotiate a favorable plea deal is without merit.</u>

Weatherspoon did convey a government plea offer to Kroma. She was offered 33 months if she did not proceed to trial. He further advised that he would be able to reduce it to 18 months on an ankle monitor due to the amount of restitution being below $500,000. However, Weatherspoon believed her case was very strong and that the defense evidence they already had measured (i.e., the text messages from Dawson, the voice recorded conversation at Kroma's sister's house, Freese's unauthorized visits to Kroma's office, change of documents by Dawson and her willingness to testify for Kroma) would work in Kroma's favor to prove her innocent. Therefore, absent further investigation and strategic plan for defense, he persuaded her to proceed to trial. If not for Weatherspoon' erroneous assessment of Kroma's inaccurate judgment of records; failure to properly convey a favorable deal with the government; and erroneous advice, Kroma would have opted to plead guilty and receive a 33-month sentence, a significantly less harsh sentence (despite the fact that

5

she is really innocent of the said charges).

Contrary to the government's contention, this case is similar to *Lafler* in that Kroma was misinformed by Weatherspoon of the likely consequences of pleading guilty rather than proceeding to trial (deficient performance). In fact, there is a reasonable probability that Kroma would have pled guilty had Weatherspoon not affirmatively misadvised her regarding her case and properly conveyed the advantage of the plea offer. Unfortunately, Kroma was forced to wholly rely on Weatherspoon's advice, and based on that advice, proceeded to trial which netted her a 97-month sentence, a significantly harsher sentence (prejudice). Had Kroma been properly informed by Weatherspoon, she would have had a correct understanding of the facts, law of the case and likely consequences in order to make an intelligent and informed decision of whether to proceed to trial or to plead guilty.

> 5. <u>Kroma's claim that her counsel failed to hire a private investigator is without merit.</u>

This ground is adequately briefed in Kroma's Memorandum of Law in Support of her §2255 Motion. See CvDoc.1 at p. 25. No further briefing is necessary. However, the only investigation that her attorney conducted in this case was to review the government's case file. He did not conduct any kind of an independent pretrial investigation to prepare for trial.

> 6. <u>Kroma's claim that her attorney failed to obtain a handwriting expert is without merit.</u>

The government claims in the GR that:

"A federal habeas court requires petitioners making claims of ineffective assistance based on counsel's failure to call either a lay or expert witness to demonstrate prejudice by naming the witness, demonstrating that the witness was available to testify and would have done so, setting out the content of the witness's proposed testimony, and showing that the testimony would have been favorable to a particular defense."

See CvDoc. 5 at p. 8.

It was impossible to do the above when Weatherspoon failed to even contact a hand-writing expert. Kroma did not have knowledge of this kind of expert witness. She only repeatedly requested that her attorney hire one so that he could determine if it were her signature on several pieces of evidence the government presented against her.

> 7. Kroma's claim the her counsel failed to put the government's case to any adversarial testing is without merit.

This ground is adequately briefed in Kroma's Memorandum of Law in Support of her §2255 Motion. See CvDoc.1 at p. 25. No further briefing is necessary. However, the only investigation that her attorney conducted in this case was to review the government's case file. He did not conduct any kind of an independent pretrial investigation to prepare for trial. Contrary to the government's contention that she did not name any witnesses to interview or call as witnesses at trial, Kroma has presented in her § 2255 Motion's Memorandum of Law in Support a long list of persons that she informed Weatherspoon should be interviewed in her defense. See CvDoc. 1 at pp. 23-24.

In light of the conflicting accounts by the government and Kroma and the incomplete record on other relevant factors, the district court should hold an evidentiary hearing before deciding the outcome of her § 2255 Motion.

> B. Kroma's Claims That Her Attorney Was Ineffective at Trial Are Without Merit.

In this subsection of the GR, the government responses to Kroma's claims that her attorney (1) failed to communicate his trial strategy to Kroma; (2) call defense witnesses on her behalf; and (3) properly cross-examine government witnesses.

This ground is adequately briefed in Kroma's Memorandum of Law in Support of her §2255 Motion. See CvDoc.1 at pp. 33-35. No further briefing is necessary. Contrary to the government's

contention, Kroma has presented in her § 2255 Motion's Memorandum of Law in Support a long list of persons that she informed Weatherspoon would testify on her behalf. See CvDoc. 1 at pp. 33-34. He failed to call those witnesses who were in attendance at her trial. Other witnesses were intimidated by FBI Agent Freeze and were afraid to testify.

In light of the conflicting accounts by the government and Kroma and the incomplete record on other relevant factors, the district court should hold an evidentiary hearing before deciding the outcome of her § 2255 Motion.

### C. Kroma's Claims That Her Counsel Was Ineffective at Sentencing Are Without Merit.

Contrary to the GR's above claim, before the release and after the release of the PSR, Weatherspoon advised Kroma that she would not do more than 3 years of jail time and that he would talk to her when the report was concluded. Again, This ground is adequately briefed in Kroma's Memorandum of Law in Support of her §2255 Motion. See CvDoc.1 at pp. 33-35. No further briefing is necessary. See CvDoc. 1 at pp. 33-36.

Kroma's allegations are not speculative or conclusory. In her motion, she makes specific factual claims based on personal knowledge - that trial counsel predicted a thirty-six month sentence. She has presented competent evidence sufficient, if believed, to establish that counsel in fact made such a prediction. Nor do Kroma's allegations contradict any evidence in the record. Moreover, it is hard to imagine what additional evidence Kroma could present to establish what her trial counsel told her in a presumably private conversation. Of course, an affidavit from Weatherspoon be very helpful, but the government has not obtained such an affidavit and it is not clear how Kroma could have obtained it prior to filing her motion. Affidavits from third parties would seemingly be useless

8

here; even if Kroma relayed counsel's prediction to others, their testimony would be hearsay and therefore inadmissible to prove that counsel had in fact made the prediction. As such, her briefing here is sufficient to prove her allegations and is not speculative, conclusory, plainly false, or contradicted by the record, the district court should hold an evidentiary hearing. Kroma states in her § 2255 motion that she would have pleaded guilty if she had been given an accurate picture of her sentencing exposure. See *United States v. Herrera*, 412 F.3d 577, 581 (5th Cir.2005) (determining that a misstatement of a sentencing range by 27 months would be enough to be deficient performance).

Without additional evidence, it cannot be said that the motion and the files and records of the case conclusively show that Kroma is entitled to no relief. See 28 U.S.C. § 2255(b). Because any amount of additional jail time is significant for purposes of showing prejudice, it is not at all clear that Kroma has not been prejudiced by counsel's deficient performance. See *Glover v. United States*, 531 U.S. 198, 203 (2001).

### D. Kroma's Claims That Appellate Counsel Was Ineffective Are Without Merit.

The government opines again the above claim. Contrary to that opinion, there were a plethora of relevant issues which could have been raised on appeal. One of the important questions was whether Kroma's decision to proceed to trial was knowing and voluntary. Because of Weatherspoon's deficient performance and faulty advise to proceed to trial, there is no way that Kroma's not guilty plea should be deemed knowing and voluntary.

In sum, on the bare record before us, counsel's calculation of the Guidelines range significantly understated Kroma's actual sentencing exposure. However, on this record it is impossible to credit or refute Kroma's allegation of ineffective assistance. To determine both

deficiency and prejudice, this Court would benefit from additional facts that should be determined at an evidentiary hearing. A district court must hold an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992) (per curiam). The record of this case does not so conclusively show. Kroma and counsel's representations conflict as to whether she would have pleaded guilty if counsel had advised that her of the relevant circumstances and likely consequences of pleading guilty as opposed to standing trial.

Accordingly, to resolve this matter, the Court should hold an evidentiary hearing.

## IV. Conclusion

The GR concludes by stating that Kroma's claims of ineffective assistance of counsel are without merit, and the government respectfully urges the Court to deny this motion. See CvDoc. at p. 13. Kroma objects to GR's conclusion and states that for the above and foregoing reasons and the reasons previously stated in her § 2255 Motion, Kroma's conviction and sentence must be vacated so that Kroma can plea anew. In the alternative, an evidentiary hearing should be held so that Kroma may further prove her meritorious grounds for relief and expand an incomplete record.

Respectfully submitted,

Dated: October 1, 2019.

FLORENCE B. KROMA
REG. NO. 22733-078
FMC CARSWELL
FEDERAL MEDICAL CENTER
SATELLITE CAMP
P.O. BOX 27137
FORT WORTH, TX 76127
Appearing *Pro Se*

## CERTIFICATE OF SERVICE

I hereby certify that on October _1_, 2019, a true and correct copy of the above and Reply to Government's Response to Section 2255 Motion was sent via U. S. Mail, postage prepaid, to Camelia Elisa Lopez, Assistant United States Attorney at United States Attorney's Office - Plano, 101 E Park Blvd., Suite 500, Plano, TX 75074.

_____
FLORENCE B. KROMA